758 F.2d 652
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RALPH COULVERSON, PETITIONER-APPELLANT,
v.
OHIO PAROLE BOARD, RESPONDENT-APPELLEE.
 NO. 84-3893
 United States Court of Appeals, Sixth Circuit.
 2/18/85
 
 ORDER
 BEFORE: LIVELY, Chief Judge; KEITH, Circuit Judge; and BROWN, Senior Circuit Judge.
 
 
 1
 The petitioner appeals the judgment dismissing his pro se habeas corpus action under 28 U.S.C. Sec. 2254 for lack of jurisdiction or, alternatively, for mootness. He now seeks release on bond pending this appeal. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 The petitioner was on parole from a 1975 conviction when he was convicted in 1982 and sentenced to 18 months imprisonment. The Ohio Adult Parole Authority (OAPA) placed a detainer against the petitioner as a parole violator. Following his conviction, the OAPA postponed a final revocation hearing until the time of the petitioner's first parole hearing under his new sentence. The record shows the petitioner was reparoled on April 1, 1983. Because he failed to report to his parole officer under the terms of his release on parole and because he was arrested and indicted in late 1983 on fourteen counts of forgery, the OAPA once again declared the petitioner a parole violator and authorized his incarceration as such.
 
 
 3
 In this action, the petitioner asserted a denial of due process in that the OAPA did not afford him a final parole revocation hearing at which he could challenge his 1982 revocation of parole. The district court held the petitioner failed to satisfy the 'in custody' requirement of Sec. 2254 because he was not presently in custody as a result of the 1982 revocation and suffered no adverse consequences therefrom. It alternatively held any cause of action mooted by the petitioner's re-release on parole in April, 1983. This timely appeal followed.
 
 
 4
 For the reasons stated in the district court's memorandum opinion and order of October 15, 1984, we find it did not err in dismissing the petitioner's action for lack of jurisdiction. See Steinberg v. Police Court of Albany, New York, 610 F.2d 449 (6th Cir. 1979). See also Lane v. Williams, 455 U.S. 624 (1982).
 
 
 5
 It is ORDERED that the petitioner's motion for release on bond pending appeal be and it hereby is denied.
 
 
 6
 Upon examination of the record and the petitioner's brief and other legal memoranda, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The panel finding the appeal without merit,
 
 
 7
 It is further ORDERED that the district court's judgment of October 16, 1984 be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.